Michael T. Liburdi, SBN 021894
E. Jeffrey Walsh SBN 009334
liburdim@gtlaw.com
walshj@gtlaw.com
**GREENBERG TRAURIG, LLP**
2375 E. Camelback Road, Suite 700
Phoenix, AZ  85016
Tel:  (602) 445-8000
Fax:  (602) 445-8100

Stephen A. Mendelsohn, (*Pro Hac Vice* Forthcoming)
mendelsohns@gtlaw.com
**GREENBERG TRAURIG, LLP**
5100 Town Center Circle, Suite 400
Boca Raton, FL  33486
Tel:  (561) 955-7600
Fax:  (561) 338-7099

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Century International Arms, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> XTech Tactical, LLC; Jeremy Deadman; Jane Doe Deadman, <br><br> Defendants. | Case No. <br><br><br> **COMPLAINT** |

Plaintiff, Century International Arms, Inc. ("Century"), by its undersigned attorneys, as and for its complaint against Defendants XTech Tactical, LLC ("XTech") and Jeremy Deadman and Jane Doe Deadman ("Deadman") (collectively "Defendants"), alleges as follows.

## THE PARTIES

1. Century is a Vermont corporation having its principal place of business at 430 South Congress Ave., Suite 1, Delray Beach, Florida 33445.

2. XTech is an Arizona limited liability company having its principal place of business at 1855 East Southern Avenue, Suite 204, Mesa, Arizona 85204. XTech has taken action or caused events to occur in Maricopa County, Arizona, out of which these

claims arise.

3. Defendant Jeremy Deadman is an individual residing at REDACTED REDACTED, and has taken action or caused events to occur in Maricopa County, Arizona, out of which these claims arise.

4. Deadman is a married person. Defendant Jane Doe Deadman, whose true name will be substituted upon discovery, is named as a defendant because Deadman acted, at all times, on behalf of his marital community.

5. Deadman formed Defendant XTech in or around July 2013.

6. XTech manufactures and sells firearms accessories.

7. Deadman is XTech's Director of Sales and Marketing.

8. Deadman is XTech's principal owner.

## NATURE OF THE ACTION

9. This is an action for false designation of origin, unfair competition, and false association under the Lanham Act, 15 U.S.C. § 1125(a), and for unfair competition under Arizona law.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, as these claims arise under the Lanham Act. This Court has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367(a).

11. This Court has personal jurisdiction over XTech because (a) XTech is an Arizona limited liability company whose principal office is in Arizona, (b) this action arises out of XTech's business activities conducted in this judicial district, and (c) XTech has committed unlawful acts within this State.

12. This Court has personal jurisdiction over Deadman because (a) he is a resident of the State of Arizona, (b) this action arises out of Deadman's business activities conducted in this judicial district, and (c) Deadman has committed unlawful acts within this State.

13. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2), as well as 28 U.S.C.

BOC 37503304

§ 1391(c)(1) and (2).

## FACTS

### THE US PALM MAGAZINE AND GRIP

14. Plaintiff Century was founded in 1984 and has become one of North America's largest importers of newly manufactured, refurbished, and surplus AK-47 firearms, ammunitions, and accessories.[1] Century also manufactures and sells its own products throughout the United States and Canada.

15. US Palm, LLC ("US Palm") was a manufacturer and seller of firearms accessories in the United States. Its products were well-known and highly regarded by consumers.

16. One of US Palm's most iconic products is its AK30 AK-47 Magazine (the "Magazine" or "US Palm Magazine"), which is a 30-round ammunition storage and feeding device within or attached to a repeating firearm, with a distinctive waffle and tread pattern. A photograph of the Magazine with its distinctive waffle and tread pattern is shown immediately below.



---

[1] The AK-47 is a popular firearm that is based upon the former Soviet Union's Kalashnikov assault rifle.

3

BOC 37503304

17. The distinctive waffle pattern is visible on the right and left sides of the US Palm Magazine, each side providing a distinctive "closed" three-dimensional waffle appearance. The waffle pattern, which occupies almost the entire side of the Magazine, is comprised of repeating rows of rectangular-like boxes radiating from the front of the Magazine toward the back. The boxes are defined by (a) a set of equally spaced arcuate ridges extending between the top and bottom of the Magazine and (b) a set of equally spaced radial ridges radiating from the front of the Magazine toward the back. A perimeter, defined by a set of outer ridges, encloses the boxes, providing a distinctive "closed" three-dimensional waffle pattern, as illustrated above.

18. The distinctive tread pattern is visible on the front and back sides of the US Palm Magazine, as illustrated below. The tread pattern consists of grooves etched into the sides of the Magazine.



19. The sale of the US Palm Magazine was launched circa 2009. Since that time, US Palm continuously engaged in extensive advertising and promotional activities to promote its Magazine to potential customers. For instance, US Palm extensively advertised its Magazine through print and online media, such as popular gun magazines distributed throughout the United States. In addition, US Palm actively engaged in

BOC 37503304

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

promotional activities through which its marketing and sales members directly engaged potential customers at various events, including gun shows. As a result of these activities, the Magazine has become extremely popular with AK-47 rifle enthusiasts and hobbyists. Since around 2009, the annual sales of the Magazine in several years reached hundreds of thousands of dollars.

20. Because of US Palm's extensive promotion and sale of its Magazine, consumers came to recognize the waffle and tread designs of the Magazine as indicating the source of the product as a US Palm-manufactured product, and as such the configuration of the Magazine constitutes protectable trade dress.

21. Another iconic product US Palm sold was its US Palm Grip ("<u>US Palm Grip</u>" and "<u>Grip</u>"), which is a grip configured to mount on AK-47 rifles. A photograph of the US Palm Grip with its distinctive shape and grip pattern is shown immediately below.



22. The sale of the US Palm Grip was launched circa 2009. Since that time, US Palm continuously engaged in extensive advertising and promotional activities to promote its Grip to potential customers. For instance, US Palm extensively advertised its Grip through print and online media, such as popular gun magazines distributed throughout the United States. In addition, US Palm actively engaged in promotional activities through

5

BOC 37503304

which its marketing and sales members directly engaged potential customers at various events, including gun shows. Because of these activities, the Grip has become extremely popular with AK-47 rifle enthusiasts and hobbyists, the annual sales of the Grip in several years reaching hundreds of thousands of dollars.

23. Because of US Palm's extensive promotion and sale of its Grip, consumers came to recognize the configuration of that grip as indicating US Palm as the source of the product, and as such the configuration of the Grip constitutes protectable trade dress. The US Palm Grip trade dress comprises the distinctive three-dimensional shape of the grip together with the random speckled surface pattern on the grip itself. This trade dress is recognized by consumers as indicating US Palm as the source of the product.

24. Third parties have stated that the US Palm Grip "became one of the most popular aftermarket improvements to the AK rifle, *ever*,"[2] evidencing that consumers in the AK-47 marketplace recognize US Palm's trade dress in the Grip.

## CENTURY ACQUIRES US PALM'S INTELLECTUAL PROPERTY

25. On or about January 12, 2018, Century and US Palm executed a term sheet for Century to acquire the US Palm assets.

26. On or about March 31, 2018, Century acquired from US Palm all its tangible and intangible assets related to its business, comprising (a) all fixed assets and other properties, including all equipment, machines, product designs, molds, mold designs, inventory of products and parts, signs, apparatus tools, appliances, implements, and spare parts and (b) all of its intellectual property, including all social media and websites, trademarks, mailing lists, product designs, computer code, software, schematics, business processes, trade secrets, proprietary and technical information, research and development processes, formula, marketing plans, web/internet assets, white papers, and know-hows.

27. Because of the aforesaid acquisition, the ownership of the US Palm Magazine and US Palm Grip trade dress, including the goodwill associated therewith, transferred to Century. In addition, Century received US Palm's entire inventory of the US

---

[2] https://tangodown.com/shop/bg-ak-battlegrip-2/ (visited on Oct. 8, 2018).

BOC 37503304

Palm Magazine and Grip existing at the time of the acquisition.

28. Since the completion of the aforesaid acquisition, Century has made substantial efforts to continue the business it acquired from US Palm, including the US Palm Magazine and Grip. For instance, Century has retained former executives/employees of US Palm to assist with the manufacturing and/or sales of the US Palm Magazine and Grip. Due to the circumstances described below, Century engaged a mold manufacturer and made new molds for the continued manufacture and sale of the US Palm Magazine and Grip. The new molds are configured for producing products that are virtually identical, in quality and specification, to US Palm's Magazine and Grip sold prior to Century's acquisition of US Palm's assets and that include the same trade dress embodied in the prior US Palm Magazine and Grip.

**XTECH WRONGFULLY SELLS US PALM AK-47 MAGAZINES AND GRIPS AND INFRINGES ON CENTURY'S TRADE DRESS RIGHTS**

29. Prior to March 2018, US Palm contracted with a Tempe, Arizona company, Molded Devices, Inc. ("<u>Molded Devices</u>"), to manufacture the Magazine and Grips according to US Palm's specifications.

30. Defendant Deadman has been Molded Devices' Director of Business Development from about June 2016 to the present.

31. In or around March 2017, US Palm experienced financial difficulties and was unable to satisfy its indebtedness to Molded Devices for its manufacture of the Magazines and Grips. Despite these financial difficulties, US Palm intended to maintain its intellectual property assets, including the US Palm Magazine and Grip trade dress and the goodwill associated therewith. Rather than shutting down its business and walking away, US Palm engaged in a search to locate potential suitors to continue its business, including the continued manufacture and sale of the original US Palm Magazine and Grip. US Palm's search ultimately resulted in the sale of its assets to Century.

32. On or about May 24, 2017, Molded Devices notified US Palm that (a) US Palm had 10 days to satisfy an unpaid balance, and (b) absent payment of that balance

7

BOC 37503304

within 10 days, Molded Devices intended to sell the US Palm equipment in Molded Devices' possession, including molds embodying US Palm's Magazine and Grip trade dress.

33. Molded Devices failed to provide US Palm five days notice of sale of the molds at auction, as required by A.R.S. § 33-1023(B).

34. Molded Devices failed to publish notice of sale of the molds at auction in two publications in a newspaper published in Maricopa County, as required by A.R.S. § 33-1023(B).

35. On or around August 14, 2017, Deadman, in his capacity as Molded Devices' Director of Business Development, notified Century that Molded Devices owned the molds used to manufacture the US Palm Magazine, and proposed to manufacture and sell the magazines to Century.

36. On or around October 16–19, 2017, Century attended the National Association of Sporting Goods Wholesalers Expo and Annual Meeting (the "Expo"). At the Expo, Century identified at Defendant XTech's booth a display board depicting the US Palm Magazine in which US Palm's "US & Design" trademark had been replaced with an XTech logo. XTech further displayed at its booth, as its own product, physical samples of the Magazine bearing the US Palm "US & Design" trademark. Both the display board (on the left) and physical samples (on the right) are shown immediately below.

///
///
///
///
///
///
///
///
///

BOC 37503304




37. On information and belief, XTech received units of the US Palm Grip and the Magazine, illustrated immediately above, from Molded Devices and sold to consumers, despite its knowledge that the trade dress embodied therein was owned by US Palm. For example, at the Expo, XTech offered for sale (a) US Palm Magazine units produced for US Palm that were advertised as "MAG47 – (Revised former US Palm AK30)" and (b) the US Palm Grip units produced for US Palm that were advertised as "GRIP47 – (Former US Palm AKBG)." *See* attached **Exhibit A**.

38. Century notified Molded Devices that Century owns the exclusive rights to US Palm's Magazine, including US Palm's trade dress rights in the distinctive waffle and tread pattern, and US Palm's Grip, including the distinctive three-dimensional shape of the grip together with the surface pattern on the grip itself, and demanded that Molded Devices return to Century the molds embodying that trade dress.

39. On February 6, 2018, Molded Devices notified Century that the molds had been sold at public auction and the proceeds had been applied to US Palm's balance due.

40. Molded Devices failed to provide Century with any notice, including any

9

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

notice required by A.R.S. § 33-1023(B), or any other Arizona law, prior to disposing of the molds.

41. From about February 6, 2018 until about June 25, 2018, Century repeatedly requested that Molded Devices confirm that it had published notice of sale of the molds at auction in two publications in a newspaper published in Maricopa County, as required by A.R.S. § 33-1023(B). Molded Devices never provided such confirmation.

42. In or around April 2018, Century learned that Deadman was offering for sale an AK-47 magazine bearing the distinctive US Palm waffle and tread pattern trade dress.

43. On May 30, 2018, Century notified Molded Devices that Century had learned Molded Devices was manufacturing the AK-47 magazine for Defendants XTech and Deadman.

44. On May 30, 2018, Century notified Defendants XTech and Deadman that Century had learned that Deadman was offering for sale an AK-47 magazine bearing the distinctive US Palm waffle and tread pattern trade dress, and that Century has exclusive rights to that trade dress.

45. On June 12, 2018, Molded Devices denied to Century that Molded Devices was using the US Palm molds, either alone or in concert with XTech.

46. On June 25, 2018, Molded Devices notified Century that (a) nothing was being manufactured with the US Palm molds, (b) following the auction, Molded Devices took possession of the molds, and (c) the molds were no longer in use.

47. On June 26, 2018, Molded Devices notified Century that, following Molded Devices' acquisition of the US Palm molds, Molded Devices had "altered" the US Palm AK-47 Magazine mold and begun using it to manufacture magazines for XTech.

48. During Molded Devices' manufacture of the AK-47 magazines for US Palm, Deadman was Director of Business Development affiliated with Molded Devices, and had access to the molds embodying US Palm's intellectual property, which included the molds used by Molded Devices, namely, the US Palm AK-47 Magazine trade dress.

10

BOC 37503304

49. On information and belief, Deadman, on behalf of XTech, entered into an arrangement with Molded Devices whereby Molded Devices allowed XTech to obtain and sell US Palm AK-47 Magazines.

50. On information and belief, Molded Devices permitted XTech to use US Palm's intellectual property in order to continue to manufacture AK-47 Magazines containing US Palm's distinctive waffle and tread pattern.

51. XTech has offered and is presently offering for sale an AK-47 magazine under the product name MAG47 ("<u>MAG47 Magazine</u>") that is strikingly similar in configuration and appearance to the US Palm Magazine that is the trade dress of US Palm now owned by Century. A photograph of the XTech product, which appears on XTech's website at www.xtechtactical.com, is shown immediately below. For illustration purposes, the US Palm AK-47 Magazine is also reproduced below.

XTech's MAG47 Magazine                    US Palm's AK-47 Magazine




52. As shown above, XTech's MAG47 Magazine wholly incorporates the waffle and tread pattern embodied in US Palm's Magazine. For instance, XTech's

11

BOC 37503304

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

MAG47 Magazine includes the same "closed" three-dimensional waffle pattern of US Palm's Magazine. Like US Palm's Magazine, XTech's MAG47 Magazine includes repeating rows of boxes formed by equally spaced arcuate ridges and radiating ridges and enclosed by a perimeter formed by outer ridges, thereby creating a commercial impression substantially identical to that of US Palm's Magazine.

53. XTech's MAG47 Magazine also includes the same tread pattern contained in the US Palm's Magazine, as illustrated in the following photograph of XTech's MAG47 Magazine, which appears on XTech's website at www.xtechtactical.com.



54. XTech's MAG47 Magazine is offered for sale on its website to customers throughout the United States.

55. On information and belief, Deadman directed and is directing XTech's manufacture and sale of the infringing MAG47 Magazine.

56. Despite Century's trade dress rights, XTech and Deadman refuse to cease and desist from selling its MAG47 Magazine.

57. As a result, XTech's and Deadman's infringement of Century's trade dress is willful.

58. Customers and potential customers are likely to believe, or be confused, that XTech's MAG47 Magazine is manufactured, produced, or licensed by Century.

59. Any dissatisfaction with XTech's MAG47 Magazine will reflect upon and

BOC 37503304

irreparably damage the reputation and goodwill of Century.

60.    XTech also has offered and is presently offering for sale a grip under the product name BG AK BATTLEGRIP ("XTech Grip" or "XTech's Grip") that is strikingly similar in configuration and appearance to the US Palm Grip that is the trade dress of US Palm now owned by Century.  A photograph of the XTech Grip, which appears on XTech's website at www.xtechtactical.com, is shown immediately below, paired with XTech's infringing MAG47 Magazine.



61.    XTech's Grip is offered for sale on its website to customers throughout the United States.

62.    On information and belief, Deadman is directing XTech's sale of the infringing XTech Grip.

63.    XTech and Deadman are aware of Century's trade dress rights, in particular Century's purchase of US Palm's assets, including intellectual property.  Accordingly, XTech's and Deadman's infringement of Century's trade dress rights in the US Palm Grip is willful.

13

BOC 37503304

64. Customers and potential customers are likely to believe, or be confused, that XTech's Grip is manufactured, produced, or licensed by Century.

65. Any dissatisfaction with XTech's BG AK BATTLEGRIP grip will reflect upon and irreparably damage the reputation and goodwill of Century.

## FIRST CAUSE OF ACTION

15 U.S.C. § 1125(a): Trade Dress Infringement and False Designation of Origin

66. Century incorporates by reference each allegation of this Complaint as if fully set forth herein.

67. Century has legally protectable rights and interests in the trade dress used for the US Palm Magazine and Grip. The trade dress gives Century a competitive advantage and is of substantial value and importance in the marketing of the US Palm Magazine and Grip.

68. The Defendants have and are willfully and deliberately promoting and otherwise advertising, offering for sale, selling, and/or distributing throughout the United States a magazine and grip utilizing the same or substantially and confusingly similar trade dress as that used for Century's products.

69. The Defendants have used Century's protected trade dress for the US Palm Magazine and Grip without the authority, sponsorship, consent, or approval from Century.

70. The distribution, offer for sale, and sale by XTech of its MAG47 Magazine and Grip creates a likelihood of confusion or decision of the public as to the source of the XTech products and creates a false impression of manufacture, sponsorship, authorization, or affiliation by Century.

71. The Defendants' conduct, including their unauthorized use of the protected trade dress for the US Palm Magazine and Grip is intended and calculated to deceive the consuming public into accepting and purchasing Defendants' products in the mistaken belief that they are Century's products.

72. The distribution, offer for sale, and sale by XTech of its magazine and grip constitutes a false designation of origin in violation of Section 43(a) of the Lanham Act,

14

BOC 37503304

15 U.S.C. § 1125(a), and has damaged and continues to damage Century.

73. Deadman authorized and directed XTech's distribution, offer for sale, and sale of the MAG47 magazines and BG AK BATTLEGRIP grips. His actions constitute a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and has damaged and continues to damage Century.

74. The Defendants' actions are intentional, willful, and malicious, and were taken without regard for the substantial risk of material harm to Century.

## SECOND CAUSE OF ACTION

### Arizona Common Law Unfair Competition

75. Century incorporates by reference each allegation of this Complaint as if fully set forth herein.

76. As set forth above, the design for the US Palm Magazine and Grip is indicative of origin, relationship, sponsorship, and association with Century.

77. The design for the US Palm Magazine and Grip are widely recognized by the general public.

78. The distribution, offer for sale, and sale by XTech of its MAG47 Magazine and Grip creates a likelihood of confusion or decision of the public as to the source of the XTech products and creates a false impression of manufacture, sponsorship, authorization, or affiliation by Century.

79. The distribution, offer for sale, and sale by XTech of its MAG47 Magazine and Grip constitutes an unfair method of competition in violation of the Arizona common law of unfair competition.

80. Deadman authorized and directed XTech's distribution, offer for sale, and sale of the XTech MAG47 Magazine and Grip. His actions constitute an unfair method of competition in violation of the Arizona common law of unfair competition.

81. Defendants have acted fraudulently and maliciously and with willful disregard of Century's rights. Defendants' actions were therefore taken in callous disregard of the substantial risk of material harm to Century, and Century is entitled to

15

BOC 37503304

recover punitive or exemplary damages in an amount sufficient to punish the Defendants and to deter others from similar future conduct.

82. As a direct and proximate result of Defendants' actions, Century has and continues to suffer irreparable injury and damage.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Century demands judgment as follows:

A. Permanently enjoining Defendants and all persons in active concert and participation with Defendants from:

1. Using in any manner Century's trade dress in the Magazine and US Palm Grip or any confusingly similar trade dress, as to be likely to cause confusion, deception, or mistake on or in connection with the advertising, offering for sale, or sale of any product not Century's, or not authorized by Century to be sold in connection with Century's Magazine and US Palm Grip products and trade dress;

2. Committing any acts calculated to cause purchasers to believe that Defendants' products are those sold under the control and supervision of Century, or sponsored or approved by, or connected with, or guaranteed by, or produced under the control and supervision of Century;

3. Otherwise competing unfairly with Century in any manner.

B. That Defendants be required to deliver to Century for destruction any and all products, guarantees, circulars, price lists, labels, signs, prints, packages, wrappers, advertising matter, promotional, and other materials in the possession of Defendants or under Defendants' control bearing or resembling the Magazine and US Palm Grip trade dress.

C. That Defendants be required to forthwith deliver up for destruction their entire inventory of said products bearing or resembling the aforesaid infringing Magazine and US Palm Grip trade dress.

LAW OFFICES
GREENBERG TRAURIG
2375 EAST CAMELBACK ROAD, SUITE 700
PHOENIX, ARIZONA 85016
(602) 445-8000

BOC 37503304

D. That Defendants, within thirty (30) Days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Century a written report under oath setting forth in detail the manner in which Defendants have complied with Paragraphs A through C, supra.

E. Awarding Century monetary damages, including treble damages, as appropriate, pursuant to 15 U.S.C. § 1117.

F. Ordering Defendants to account for and pay to Century all profits attributable to Defendants' unauthorized use of trade dress that resembles or is otherwise confusingly similar to Century's Magazine and US Palm Grip trade dress, which amounts shall be trebled, as appropriate, pursuant to 15 U.S.C. § 1117.

G. Awarding Century punitive or exemplary damages in an amount sufficient to punish defendants for their infringement of Century's Magazine and US Palm Grip trade dress.

H. Awarding Century its costs and attorneys' fees incurred in this action pursuant to 15 U.S.C. § 1117(a) and any other applicable law.

I. Granting Century any other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 22nd day of October, 2018.

**GREENBERG TRAURIG, LLP**

By: */s/ E. Jeffrey Walsh*
   Michael T. Liburdi
   E. Jeffrey Walsh
   *Attorneys for Plaintiff*

17

BOC 37503304

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on October 22, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

By: */s/ Tammy Mowen*
Employee, Greenberg Traurig, LLP

BOC 37503304