**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Century International Arms Incorporated, | No. CV-18-03404-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| XTech Tactical LLC, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss (Doc. 28). For the following reasons, the motion is denied.[1]

## BACKGROUND

Plaintiff Century International Arms, Inc. ("Century") is a firearms manufacturer that recently purchased another arms manufacturer, US Palm, LLC ("Palm"). Before it was purchased by Century, US Palm sold two products at issue here: a 30-round ammunition storage and feeding device ("the Magazine"), and a grip configured to mount on AK-47 rifles ("the Grip."). To produce these items, US Palm contracted with Molded Devices, Inc. ("Molded Devices") to manufacture the Magazine and Grip according to US Palm's design.

Defendant XTech Tactical, LLC ("XTech") is another arms manufacturer and sales

---

[1] **Error! Main Document Only.**The request for oral argument is denied because the parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

company. Defendant Jeremy Deadman is the principal owner and Director of Sales and Marketing at XTech, as well as the Director of Business Development at Modeled Devices. (Doc. 24 at 5-6).

According to Century's complaint, XTech—without US Palm's consent—offered nearly identical products to the Magazine and Grip for sale at a wholesale show labeled as XTech Products. In a spreadsheet, these two products are described as "MAG47 – (Revised former US Palm AK30)" and "Grip 37 – (Former US Palm AKBG)." (Doc. 25, Ex. A). After discovering this, Century filed this lawsuit alleging violations of the Lanham Act and Arizona Unfair Competition Laws.

Defendants now move to dismiss the complaint for failure to state a claim.

**I.  Legal Standard**

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (internal citations omitted) (quoting *Twombly*, 550 U.S. at 557).

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). "Specific

facts are not necessary; the statement need only give the defendant[s] fair notice of what the claim is and the grounds upon which it rests." *Johnson v. Riverside Healthcare Sys. LP*, 534 F.3d 1116, 1122 (9th Cir. 2008).

**II.     Analysis**

    **A.     Trade Dress Claim**

"Trade dress refers generally to the total image, design, and appearance of a product and may include features such as size, shape, color, color combinations, texture or graphics." *Clicks Billiards Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001) (internal citation and quotation marks omitted). To properly plead a trade dress claim, Plaintiffs must allege facts showing (1) a likelihood of confusion, (2) secondary meaning, and (3) non-functionality. *Id.* at 1258. "If a plaintiff has used a mark to identify its goods and if the plaintiff satisfies the three elements discussed above, then the plaintiff has stated a prima facie claim for infringement under § 43(a) of the Lanham Act." *Kendall-Jackson Winery, Ltd. v. E & J Gallo Winery*, 150 F.3d 1042, 1048 (9th Cir. 1998).

        **1.     Non-Functionality**

"Functionality is a question of fact." *Clicks Billiards, Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1258 (9th Cir. 2001). The factors for determining non-functionality are "(1) whether the design yields a utilitarian advantage, (2) whether alternative designs are available, (3) whether advertising touts the utilitarian advantages of the design, and (4) whether the particular design results from a comparatively simple or inexpensive method of manufacture." *Disc Golf Ass'n Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 108 (9th Cir. 1998). Because functionality is typically a fact-intensive inquiry, some courts have held that it is improper to resolve the issue at the motion to dismiss stage. *See e.g.*, *SCG Characters LLC v. Telebrans Corp.*, 2015 WL 4624200 at *7 (C.D. Cal 2015).

Plaintiff has alleged sufficient facts in the complaint to survive the motion to dismiss on this element as to the Magazine. In its complaint, Century explains how the waffle tread pattern and other design elements of the Magazine are non-functional. Specifically, Century alleges that the magazine's performance would be the same without this visual

element, that several other manufacturers produce magazines without this element, that it is more expensive to manufacture a magazine with the element, and that US Palm engaged in extensive promotion of this element. (Doc. 24, ¶¶ 18–22). Taking these allegations of fact as true, Century has sufficiently pled the non-functionality of certain elements of the Magazine.

Century has similarly pled non-functionality as to the Grip. Specifically, Century alleges that there are several other grips on the market with different shapes and patterns, that the Grip's performance would not be affected if it did not use the distinctive pattern or shape, and that manufacturing the Grip with this pattern is more expensive. (Doc. 24 23-25). Century has further alleged that the shape and pattern of the Grip are distinctive and unique among grips available in the market, which defeats Defendants' argument that the Grip's features are generic at this stage. Thus, Century has established the non-functionality element for purposes of this motion to dismiss.

### 2. Secondary Meaning and Likelihood of Confusion

Like functionality, the likelihood of confusion and secondary meaning elements of a trade dress claim are also questions of fact. *See Clicks Billiards*, 251 F.3d at 1261 ("Whether a particular trade dress has acquired secondary meaning is a question of fact.") (internal citations and quotation marks omitted); *id.* at 1264 ("Likelihood of confusion, a question of fact . . ."). To plead likelihood of confusion, Plaintiff must allege facts that demonstrate that "customers viewing the mark would probably assume that the product or service it represents is associated with the source of a different product or service identified by a similar mark." *Id.* at 1265. And to plead secondary meaning, Plaintiff must describe facts that demonstrate "the purchasing public associates the dress with a particular source." *Id.* at 1261.

Century has met the pleading requirements at this stage. Defendants' only argument as to these two elements is that Century or US Palm must be presently producing and selling its products to plead a trade dress claim. But as Century's complaint explains, third party retailers continue to sell US Palm products, which could lead to a likelihood of consumer

confusion between the two products. And a secondary meaning associated with the products may still exist even if that product is not currently being produced or sold. What's more, Defendants do not cite any case law for their assertion that a plaintiff must be engaged in current production in sales to plead a trade dress claim. This argument lacks merit, and the motion to dismiss the trade dress claim is denied.[2]

### C. Judicial Notice

Generally, a court may not consider evidence or documents beyond the complaint in the context of a Rule 12(b)(6) Motion to Dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc..*, 896 F.2d 1542, 1550 (9th Cir.1990) (amended decision). This general rule has two exceptions. First, a court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading," *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (alteration in original). Second, a court may take judicial notice of "matters of public record outside the pleadings." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n. v. Solimino*, 501 U.S. 104 (1991). Even when considering a public record, however, judicial notice is limited to those facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b)[3]

That Plaintiffs reference a website in their complaint does not automatically allow Defendants to post any content from that website under the first exception. Because the contents of the website XTech seeks to introduce are not alleged in the complaint, the Court will not take judicial notice of them.

However, the Court will take judicial notice of the United States Patent and Trade Office filings as "matters of public record outside the proceedings." *Mack*, 798 F.2d at 1282; (*See* Doc. 29, Ex. 2). In Defendant's view, these documents prove that the Grip was first manufactured in near identical form by a third party before US Palm began producing

---

[2] Defendants' argument that Plaintiff must actually be producing the products at issue also fails for the same reasons as to Plaintiff's unfair trade competition claim.
[3] Because the factual analysis in the supplemental filing (Doc. 43), is subject to reasonable dispute, the Court will decline to take judicial notice of that analysis at this time.

the Grip in 2009. But these filings are not particularly relevant to the dispute here, and do not require dismissal of the trade dress claims pertaining to the Grip. These exhibits show a trademark for the word mark "BATTLEGRIP" dated 2009, as well as a trademark for a vertical *fore* grip manufactured by Tango Down from 2007. Neither of these documents proves that the trade dress claimed by Century for the Grip here was first manufactured and used by a third party.

### D. Individual Defendants

Plaintiffs have properly pled causes of action against Defendant Deadman and his spouse. An individual may be personally liable for torts he commits under the Lanham Act. *See* 15 U.S.C. § 1225(a); *Coastal Abstract Serv. v. First Am. Title Ins. Co.*, 173 F.3d 725, 734 (9th Cir. 1999). And under Arizona law, his spouse is a required party. *See* Ariz. Rev. Stat. § 25-215; *Selby v. Savard*, 134 Ariz. 222, 229, 655 P.2d 342, 349 (1982).

## CONCLUSION

Century has sufficiently pled its trade dress claim under the Lanham Act. Defendants' remaining arguments lack merit.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 28) is **DENIED**.

**IT IS FURTHER ORDERED** that the schedule set out in the Case Management Order (Doc. 38) will begin from the date of this Order.

Dated this 28th day of May, 2019.

_____
G. Murray Snow
Chief United States District Judge