**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Century International Arms Incorporated, | No. CV-18-03404-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| XTech Tactical LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Century International Arms Inc. ("Plaintiff")'s Ex Parte Motion for Leave to Make Alternative Service of Subpoena on Non-Party Jeffrey Cahill (Doc. 73). The motion is granted.

## BACKGROUND

Through discovery it has become clear that Jeffery Cahill and his entity TangoDown, LLC[1] ("TangoDown") possess relevant information to this action. Plaintiff has attempted to serve Cahill with a subpoena for his testimony on numerous occasions. The process server attempted service on Cahill's residence over five times. On the fourth attempt the process server noted that "[i]t sounds like someone in the home is being evasive." (Doc 73 at 4.) After these failed attempts, the process server twice tried serving Cahill at TangoDown's business address. Plaintiff's counsel also asked TangoDown's counsel if they were authorized to accept service on Cahill's behalf, but received no response. As a result, Plaintiff brought this Motion requesting leave to serve Cahill with a

---

[1] TangoDown has also been served with a subpoena duces tecum in this action.

subpoena for his testimony in this action by (1) overnight delivery to Cahill's residence address, (2) overnight delivery to TangoDown's business address, and (3) email address to counsel for TangoDown, Richard Elley and R. Tracy Crump.

## DISCUSSION

A subpoena must be served on a third party in compliance with Federal Rule of Civil Procedure 45(b)(1). Rule 45(b)(1) provides, in pertinent part:

> Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law.

The Ninth Circuit has not interpreted this provision in a published opinion. This District, however, has held that Rule 45 does not require personal service. *Wells Fargo Bank NA v. Wyo Tech Inv, Group LLC*, CV-17-04140-PHX-DWL, 2019 WL 3208114, at *3 (D. Ariz. July 16, 2019). Rather, the "manner of service [must be] reasonably designed to ensure actual receipt of the subpoena." *Id.*

To better ensure receipt of the subpoena, in addition to the above steps, Plaintiff is directed to affix a copy of the subpoena to Cahill's residence address in addition to the requested means of service. Finding these methods of service consistent with the Federal Rules of Civil Procedure,

**IT IS ORDERED** that Plaintiff's Ex Parte Motion for Leave to Make Alternative Service of Subpoena on Non-Party Jeffrey Cahill (Doc. 73) is **GRANTED**.

**IT IS FURTHER ORDERED** granting alternative service of subpoena on Non-Party Jeffrey Cahill in this action, returnable in Phoenix, Arizona, as follows:

(1) Overnight delivery to the properties located at 7651 West Rising Ridge Road, Tucson, AZ 85743 and 4720 North La Cholla Boulevard, Suite 180, Tucson, AZ 85705;

(2) Posted to the front door of the properties located at 7651 West Rising Ridge Road, Tucson, AZ 85743 and 4720 North La Cholla Boulevard, Suite 180, Tucson, AZ 85705;

(3) Email to counsel Richard Elley at rich@elleylaw.com; and

(4) Email to counsel R. Tracy Crump rtc@rtclaw.com.

Dated this 13th day of January, 2020.

_____
G. Murray Snow
Chief United States District Judge