**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Century International Arms Incorporated, | No. CV-18-03404-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| XTech Tactical LLC, et al., | |
| Defendants. | |

Before the Court is Plaintiff Century International Arms' ("Plaintiff") Daubert Motion to Exclude the Opinions and Testimony of Defendants XTech Tactical LLC et al.'s ("Defendants") Expert Richard Newman. (Doc. 95.) For the reasons set forth below, Plaintiff's motion is granted in part and denied in part. Mr. Newman's testimony will not be excluded, but he is not permitted to testify as to legal standards and conclusions.

## BACKGROUND

This case concerns the parties' AK-47 magazine designs. Both Plaintiff and Defendant use a combination of waffle and tread patterns on the sides of their magazines, and Plaintiff alleges that Defendants' design violates their protected trade dress. Defendants claim no protection exists because the features are common to the industry and serve a functional purpose. The instant motion concerns whether Defendants' expert may testify as to the trade dress standard and his opinion about how the facts of the case apply

to each factor in the standard.[1]

## DISCUSSION

### I. Legal Standard

The Federal Rules of Evidence require this Court to decide preliminary questions about the qualification or admissibility of witness testimony. Fed. R. Evid. 104(a). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Further, a court must "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.*" Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589, 113 (1993). Testimony is "relevant if the knowledge underlying it has a valid connection to the pertinent inquiry," and reliable if "it has a reliable basis in the knowledge and experience of the relevant discipline." *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010).

### II. Analysis

#### a. Qualification

Rule 702 "contemplates a broad conception of expert qualifications." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1015 (9th Cir.2004). Because the standard is "intended to embrace more than a narrow definition of qualified expert," expert witnesses need only a "minimal foundation of knowledge, skill, and experience." *Id.*; *Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1269 (9th Cir. 1994).

In trademark matters, experienced attorneys are often permitted to provide expert

---

[1] Although Defendants also argue that Plaintiff's motion should be denied because it was not accompanied by a Notice of Good Faith Conferral as required by LRCiv 7.2(1), this assertion is moot because the parties subsequently filed such a notice on June 8, 2020. (Doc. 100.)

testimony about the factors relevant to an ultimate finding in the case. *See YKK Corp. v. Jungwoo Zipper Co.*, 213 F. Supp. 2d 1195, 1203 (C.D. Cal. 2002); *Playboy Enters., Inc. v. Terri Welles, Inc.*, 78 F. Supp. 2d 1066, 1081 (S.D. Cal. 1999); *Marketquest Grp., Inc. v. BIC Corp.*, No. 11-CV-618-BAS (JLB), 2018 WL 1756116, at *3 (S.D. Cal. Apr. 12, 2018). The purpose of expert testimony is to "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Trademark concepts are complex, and a jury's understanding of how the facts align with the individual factors of a test could be benefited by expert testimony. Plaintiff provides no authority contradicting this practice. Its unsupported assertion that an attorney cannot properly provide expert testimony in a trademark matter without experience in the parties' field is therefore unpersuasive.

Newman has been a practicing trademark attorney for over 20 years. (Doc. 95-1 at 6.) During that time, he prepared and prosecuted many intellectual property applications with the United States Patent and Trademark Office. *Id.* at 7. He has also authored and published several articles about intellectual property law and advises businesses and multidisciplinary groups on the subject. *Id.* Given his background and credentials, it is conceivable to the Court that he could offer admissible opinion testimony on how the facts align with individual factors that the jury must consider so long as that testimony has been disclosed in his expert report in compliance with the Federal Rules of Civil Procedure and the previous orders of this Court.

### b. Legal Conclusions

Generally, "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a). "A witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible. Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." *Hangarter*, 373 F.3d at 1017. "That said, an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d

1051, 1058 (9th Cir. 2008) (quoting *Hangarter*, 373 F. 3d at 1016); *see* Fed. R. Evid. 704 Advisory Committee Notes (explaining that the rules did not allow "admission of opinions which would merely tell the jury what result to reach"). "Resolving doubtful questions of law" and "instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Nationwide Transp. Fin.*, 523 F.3d at 1058–59; *see Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) ("Expert testimony is not proper for issues of law. Experts interpret and analyze factual evidence. They do not testify about the law.") (internal quotations omitted).

Applying these rules in the trademark context, courts place boundaries around expert testimony to prevent impermissible legal conclusions. Experts are generally permitted to discuss the "state of affairs regarding each factor" in a legal test, but they are not allowed to give an opinion on the outcome of a dispositive factor or the larger analysis. *See Playboy Enters., Inc.*, 78 F. Supp. 2d at 1081 (finding an expert's opinion is proper on each of the *Sleekcraft* factors but not on the ultimate issue of a likelihood of confusion); *YKK Corp.*, 213 F. Supp. 2d at 1203 (finding expert's opinion on whether there was a likelihood of confusion was inadmissible, but his opinions on the foundational *Sleekcraft* factors were admissible).

Here, to the extent that Mr. Newman intends to testify as to the applicable legal standards, and his conclusions drawn from those standards, his testimony is inadmissible. Mr. Newman's report contains a "Relevant Law and Analysis" section, providing his interpretation of the trade dress legal standard and conclusions that the alleged trade dress here is generic and functional. (Doc. 96-1 at 18.) Defendants assert that such testimony will "assist the trier of fact to understand the nuance of trademark law." (Doc. 96 at 11.) Instructing the jury about the trade dress standard, however, is the exclusive province of the Court and cannot be supplemented or supplanted by Mr. Newman's testimony. Further, Mr. Newman's opinions about whether particular portions of the purported trade dress are protectable are inadmissible as improper legal conclusions. Even where an opinion is not an explicit command to the jury, testimony concluding whether a test for a necessary

element is met, or whether the mark as a whole is entitled to protection, merely directs a particular conclusion rather than aiding the factfinder. Mr. Newman's testimony is permissible only to the extent it interprets the facts and aids the factfinder is applying the law to each factor, and the subject of his anticipated testimony has been fully disclosed in his expert report.

## CONCLUSION

As stated above, Mr. Newman's testimony may not instruct on the substance of the law or draw conclusions reserved for the trier of fact. It also may not relate to topics not disclosed in his expert report. Plaintiff's Daubert Motion is therefore granted in part and denied in part.

**IT IS THEREFORE ORDERED** that Plaintiff's Daubert Motion to Exclude the Opinion and Testimony of Richard Newman (Doc. 95) is **GRANTED** in part and **DENIED** in part.

Dated this 25th day of September, 2020.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge